**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTINA GREEN, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL NO.  22-5238 |
| | : | |
| EXPERIAN, TRANSUNION and | : | |
| EQUIFAX, | : | |
| *Defendants.* | : | |

## <u>MEMORANDUM OPINION</u>

**Scott, J.**                                                            **September 27, 2023**

In this action brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA"), plaintiff Christina Green, proceeding pro se, alleges that the three defendant consumer reporting agencies reported inaccurate and negative items on her consumer credit report, preventing her from obtaining credit approvals or extensions of credit.  She also alleges that the defendants violated the FCRA because they reported information about her to third parties without first obtaining her consent.

Moving to dismiss the complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), Defendant Transunion,[1] and later Defendant Experian[2] when it joined in Transunion's motion,[3] contend that the complaint should be dismissed because Ms. Green failed to identify any inaccurate information in Transunion's reporting, and because Transunion was not

---

[1] In its motion, Defendant Transunion refers to itself as "Trans Union, LLC."  Consistent with how its name appears on the docket, the court will refer to this defendant as "Transunion."

[2] Defendant Experian refers to itself as "Experian Information Solutions, Inc."  Consistent with how its name appears on the docket, the court will refer to this defendant as "Experian."

[3] *See* ECF No. 13.

required to obtain a consumer's consent before preparing a consumer report for a third party.

Accepting the facts in the complaint as true and drawing all reasonable inferences from them in Ms. Green's favor, the court will grant the defendants' motion because she has failed to state a plausible claim for relief.

## BACKGROUND

### *Allegations in the Complaint*

In her complaint, Ms. Green alleges that since January 2019, the defendant consumer reporting agencies, Experian, Transunion and Equifax, violated her rights under the FCRA by "reporting inaccurate and negative items on [her consumer credit] reports." *See* Compl. at 3 ¶¶ III.B. and C., ECF No. 1. She claims that she has "not been able to extend [her] credit due to inaccurate and negative items being reported on [her] consumer credit report," and has "not been getting approvals." *Id.* Ms. Green also alleges that she "did not give these reporting any information furnished on [her] report." *Id.* at 3 ¶ III.C. It appears that she intended to allege that she "did not give these reporting *agencies any consent/permission to report* any information furnished on [her] report."[4]

For damages, Ms. Green alleges that because "of the false accuracy being reported," she has "no confidence," and her reputation has been damaged, which has caused depression, and a lack of stability, transportation and confidence. *Id.* at 3 ¶ III.C.; *id.* at 4 ¶ IV. She seeks $80,000 in "monetary compensation" and for her credit files to be corrected. *Id.* at 4 ¶ V.

---

[4] In an almost identical complaint in an action filed in this court on the same date that the instant action was filed, the plaintiff in that case alleged that "I did not give these reporting agencies any consent/permission to report any information furnished on my report." *See Cruel v. Experian*, Civ. A. No. 22-5236 (E.D. Pa., filed Dec. 29, 2022), ECF No. 1 at 3 ¶ III.C. Transunion posits that this was what Ms. Green intended to write in the instant complaint. The court agrees.

Ms. Green asserts that she is proceeding against the defendants under 15 U.S.C. § 1681. She does not identify, however, the specific sections of the FCRA that the defendants are allegedly violating.

*Procedural History*

On the same day that Defendant Equifax filed an answer to the complaint, Transunion filed its motion to dismiss the complaint under Rule 12(b)(6).  *See* ECF No. 9.  Experian joined in Transunion's motion a few days later.  ECF No. 13.  In the motion, Transunion contends that the complaint fails to state a claim for which relief can be granted because Ms. Green fails to identify any inaccuracy in Transunion's reporting.  It further claims that the complaint is deficient because Transunion was not required to obtain her consent before preparing a consumer report for a third party.  It asks the court to award fees and costs incurred in defending the action.

After the deadline for Ms. Green to respond to the motion had passed, Transunion filed a notice of Plaintiff's non-opposition to the motion.  *See* ECF No. 15.  In that notice, Transunion indicates that it re-sent a copy of its motion to Ms. Green to her email address.  *See id.* at 2.  To date, Ms. Green has not filed a response to the motion to dismiss.

Approximately one month later, Ms. Green dismissed Equifax from the case with prejudice.  *See* ECF No. 23.  On August 7, 2023, the court sent all parties notice of a status conference to take place on September 7, 2023.  *See* ECF No. 31.  Ms. Green did not appear for that conference.  Additionally, counsel for Transunion and Experian informed the court that Ms. Green had not responded to their emails regarding preparation of a joint status report for submission to the court in advance of the status conference.

## LEGAL STANDARDS

### *Standard of Review on a Motion to Dismiss*

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor.  *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).  Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).  This means the court must construe a pro se complaint "liberally . . . . apply[ing] the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala*, 704 F.3d at 244).  Nevertheless, the plaintiff must allege facts necessary to make out each element of each claim she asserts.  *Mala*, 704 F.3d at 245; *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 563 n.8).  A conclusory recitation of the elements of a cause of action is not sufficient.  *Id.*

*Standard for an Unopposed Motion to Dismiss*

Under Local Rule 7.1(c), most motions may be granted as uncontested in the absence of a timely response.  However, the Third Circuit has cautioned that a district court may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint without first analyzing the motion on the merits and finding an independent legal basis on which to grant it.  *Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017) (quoting *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991)).  Therefore, although Ms. Green's failure to respond to the motion renders it unopposed, the court will conduct an independent analysis of the merits of Transunion and Experian's  motion.

## DISCUSSION

*Claims Under the FCRA*

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)).  Under the statute, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Although Ms. Green does not specify the sections of the FCRA that the defendants allegedly violated, based on her allegations, the court will construe the complaint as asserting claims brought under 15 U.S.C. §§ 1681e(b) and 1681b.

Claim of Violation of 15 U.S.C. § 1681e(b)

Given Ms. Green's allegations that the defendants reported "inaccurate and negative items" on her consumer reports, the court liberally construes her complaint as asserting a violation of 15 U.S.C. § 1681e(b).  That provision states, in relevant part,

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).

To state a claim under § 1681e(b), a plaintiff must plead the following elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Bibbs*, 43 F.4th at 342 (quoting *Cortez*, 617 F.3d at 708).

Transunion argues that Ms. Green has not alleged facts supporting the elements of a § 1681e(b) claim.  Specifically, she has not alleged what "inaccurate and negative items" Transunion purportedly reported, nor which third parties received such inaccurate reports.  It also points to the lack of any allegation that Transunion failed to follow reasonable procedures that caused this inaccurate reporting.

Transunion is correct.  Ms. Green has not plausibly pled a claim for a violation of § 1681e(b).  Other than conclusorily stating that the defendants reported "inaccurate and negative items" on her consumer credit report, she has failed to set forth any facts describing what that information was and how it was inaccurate.  Because the plaintiff must allege facts necessary to make out each element of each claim she asserts, her conclusory recitation of the elements of the claim does not suffice.

Claim of Violation of 15 U.S.C. § 1681b

      Ms. Green appears to allege that the defendants violated her rights under the FCRA by not procuring her consent before sending her consumer report to third parties.  Construing the Amended Complaint liberally, the court finds Ms. Green to be claiming that the defendants violated § 1681b of the FCRA, which provides that a consumer reporting agency may furnish a consumer report in a limited number of circumstances.

      There are some circumstances in which the inclusion of certain information in a consumer report requires the express consent of the consumer.  For example, consumer consent is required if: the consumer report is procured in connection with an application for employment by mail, telephone, computer, or similar means, 15 U.S.C. § 1681b(b)(2)(B); the report does not include a date of birth or indicates that the consumer has not attained the age of 21, *id.* § 1681 b(c)(1)(B)(iv); or the report relates to an insurance transaction and includes medical information, *id.* § 1681b(g)(1)(A).  Another circumstance in which a consumer reporting agency may furnish a consumer report includes when it is "[i]n accordance with the written instructions of the consumer to whom it relates."  15 U.S.C. § 1681b(a)(2).

      In most cases, however, the FCRA does not require the consumer's written consent before a consumer reporting agency issues a report.  *Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022) (citing 15 U.S.C. § 1681b(a)(1)–(6).  For example, the reporting agency may furnish a consumer report when it "has reason to believe" that the person or entity to whom the report is being furnished intends to use the information for purposes of underwriting insurance, conducting credit transactions, reviewing an account to determine whether the consumer continues to meet its terms, responding to a court order, and employment.  15 U.S.C. § 1681b(a)(3)(A)–(F).

Applied to this case, the allegations in the complaint are insufficient to state a claim for a violation of § 1681b because they fail to identify what information was included on Ms. Green's consumer report.  Without knowing what was reported, the court is unable to determine whether the defendants "had reason to believe" that the person or entity to whom they furnished Ms. Green's consumer report intended to use the information for permissible purposes, or whether it was the type of information for which her prior express consent was required.

## CONCLUSION

The allegations in the complaint are insufficient to state a claim for a violation of both § 1681e(b) and § 1681b of the FCRA because they fail to identify what information was included on Ms. Green's consumer report.  Therefore, the court will grant Transunion's motion to dismiss the complaint, and will dismiss all of the plaintiff's claims against Transunion and Experian with prejudice.  However, the court will deny Transunion's request for fees and costs.

BY THE COURT:


/s/ Kai N. Scott
**HON. KAI N. SCOTT**
**United States District Court Judge**

8